841 F.2d 1123
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John W. NEWLAND, Petitioner,
v.
CONSOLIDATION COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondent.
 No. 87-2573.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 5, 1988.
Decided: Feb. 22, 1988.
 
 Diana Hood Crutchfield (Riley & Riley, on brief), for petitioner.
 Lori J. Mason (Douglas A. Smoot; Jackson, Kelly, Holt & O'Farrell, on brief), for respondent.
 Before JAMES DICKSON PHILLIPS and WILKINS, Circuit Judges, and JOSEPH H. YOUNG, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 John W. Newland petitions for review of a decision of the Benefits Review Board reversing an administrative law judge's (ALJ) award of benefits to him pursuant to the Black Lung Benefits Act, 30 U.S.C.A. Sec. 901, et seq. (West 1986). We reverse and remand with instructions to reinstate the benefits awarded by the ALJ.
 
 
 2
 Newland filed his claim in October 1978 and was initially determined eligible for benefits. Consolidation Coal Company subsequently filed an Operator Controversion Form contesting the claim. In May 1982, following a hearing, the ALJ awarded benefits. It is undisputed that the ALJ properly invoked the interim presumption of disability under 20 C.F.R. Sec. 727.203(a)(2) based on qualifying ventilatory studies. The ALJ also found that the presumption was not rebutted under sections 727.203(b)(2) and (4), rejecting the finding of Dr. D.S. Pandian that Newland could perform his normal work. The ALJ refused to accept Dr. Pandian's opinion because there was no showing that Dr. Pandian was aware of the type of work Newland normally performed. The ALJ also determined that Dr. Pandian's conclusion that he found "no evidence of coal miners pneumoconiosis" was not persuasive in light of the qualifying ventilatory studies. The Benefits Review Board remanded the case to the ALJ for reconsideration of the medical opinion of Dr. Pandian, determining that the ALJ improperly usurped the medical expertise of Dr. Pandian.
 
 
 3
 On remand, the ALJ reaffirmed the award of benefits, rejecting Dr. Pandian's opinion that Newland did not have pneumoconiosis because the physician did not articulate any reasons for his conclusion. Consolidation Coal Company once again appealed to the Benefits Review Board. The Board found that the ALJ erred in rejecting Dr. Pandian's report and held that his diagnosis of no pneumoconiosis established rebuttal under section 727.203(b)(4) as a matter of law.
 
 
 4
 Where, as here, the findings of the ALJ and the Board conflict, we will usually defer to the findings of the ALJ. Cline v. Beatrice Pocahontas Coal Co., 802 F.2d 1524, 1527 (4th Cir.1986). We find that the decision of the ALJ was supported by substantial evidence. The undocumented findings of Dr. Pandian were properly rejected as insufficient to establish rebuttal under subsection (b)(4). The Benefits Review Board erred in reversing the award of benefits.
 
 
 5
 REVERSED AND REMANDED.